**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| JUAN ARQUIMIDES RIOS BENITEZ, *Petitioner*, v. LUIS SOTO, Director of Delaney Hall et al. *Respondents*. | No. 2:26-CV-01572 (MEF) <br><br> **ORDER** |

On March 31, the Court issued a text order indicating that there are no grounds for relief based upon "the reasons stated by the Respondents" in their answer to the Petitioner's habeas petition.  See 03/31/2026 Text Order (ECF 9).

But after revisiting the pleadings, it has become clear to the Court that the Respondents' answer does not fully and accurately respond to the arguments raised by the Petitioner.  Cf. Verified Petition for Writ Habeas Corpus and Complaint ("Petition") (ECF 1); Application for Issuance of Order to Show Cause ("Show Cause Motion") (ECF 2).

Accordingly, the Court reconsiders here its March 31 text order.[1]

\*    \*    \*

The Court continues to agree with the Respondents that the Petitioner has not suffered an unconstitutionally prolonged detention.  See Answer to § 2241 Habeas Petition at 3 ("Respondents' Answer") (ECF 8); 03/31/2026 Text Order.  Indeed, at the time his habeas petition was filed, the Petitioner had been detained for less than one week.  See Petition ¶ 8; see also Respondents' Answer at 2-3 (citing Zadvydas v. Davis, 533 U.S. 678 (2001)).

But it is now clear to the Court that there was also another issue raised in the Petitioner's pleadings: whether the

---

[1] This may be done sua sponte.  See In re Grand Jury Matter, 802 F.3d 96, 99-101 (3d Cir. 1986); Fed. R. Civ. P. 54(b).

statutory authority the Respondents' were purporting to use to detain the Petitioner --- 8 U.S.C. § 1231 --- could be lawfully applied to him given the facts of his case.  See Show Cause Motion ¶ 2.

The Court now holds that the Petitioner is not lawfully detained under Section 1231.

\*     \*     \*

The Petitioner is not subject to the mandatory detention scheme laid out in Sections 1231(a)(1)-(2), contra Respondents' Answer at 1-2, because the 90-day mandatory "removal period" contemplated by those statutory provisions lapsed more than 20 years ago.  See 8 U.S.C. § 1231(a)(1)(B) ("The removal period beings on . . . [t]he date the order of removal becomes administratively final"); 8 C.F.R. § 1241.1 ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the [INA] shall become final . . . [i]f an immigration judge orders an alien removed in the alien's absence, immediately upon entry of such order.").[2]

And the Petitioner does not appear to be subject to the discretionary detention scheme laid out in Section 1231(a)(6), because he is neither "inadmissible" under 8 U.S.C. § 1182, nor "removable" under 8 U.S.C. §§ 1227(a)(1)(C), (a)(2), or (a)(4). See Exhibit A, Respondents' Answer ("INS Record") (ECF 8-1) (noting that the Petitioner "was processed for removal under 8 U.S.C. § 1229").  There is also nothing in the papers suggesting that the Petitioner "has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal" issued against him.  Cf. 8 U.S.C. § 1231(a)(6).[3]

---

[2]  Because the parties appear to agree that the Petitioner was "accessible" to the Respondents prior to his arrest in February 2026, the Court does not have occasion to consider whether Section 1231 might serve as proper detention authority in a case where a non-citizen is ordered removed in absentia for failing to appear at his initial removal proceeding, and then fails to have "any contact in the ensuing . . . years with ICE."  Cf., e.g., Lin v. Francis, 2025 WL 3751855, at \*3-4 (S.D.N.Y. Dec. 29, 2025).  Here, all parties acknowledge that the Petitioner had "contact," id., with USCIS for the past 10 years after filing an application for asylum.  See Petition ¶ 7; Exhibit C, Respondents' Answer (Form I-213) (ECF 8-3) at 3.

[3]  Because application of Section 1231(a)(6) is unsupported here

2

\*       \*       \*

For these reasons, Sections 1231 is off the table --- and therefore, the Petitioner's "detention . . . must derive from [8 U.S.C.] § 1226."  Petition ¶ 9.

And because the Petitioner is being held under Section 1226(a), he is entitled to a bond hearing. See, e.g., Lopez v. Soto, 807 F. Supp. 3d. 410, 412 & n.3 (D.N.J. 2025) (so holding and collecting cases).

\*       \*       \*

A separate order with next steps will issue.

IT IS on this 15th day of April, 2026, so ORDERED.

_____
Michael E. Farbiarz, U.S.D.J.

_____
based on the text of the relevant provision, the Court does not have occasion to consider whether that provision can ever be used to detain non-citizens after the 90-day "removal period" has lapsed, were they not detained or released on supervision in the first instance.  Cf., e.g., Diallo v. Joyce, 2025 WL 3718477, at \*1-4 (S.D.N.Y. Dec. 23, 2025).

3